UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAULA MENDEZ, on behalf of herself and all other
persons similarly situated,

                    Plaintiff,

      -against-                                     **COMPLAINT**

EL CHARRO BAKERY 1 CORP., EL CHARRO
BAKERY II CORP., and ANTONIO AQUINO
VASQUEZ,                                        FLSA Collective Action
                            Defendants.
------------------------------------------------------------------------X

Plaintiff, PAULA MENDEZ ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel, the Romero Law Group PLLC, complaining of the Defendants, EL CHARRO BAKERY 1 CORP., EL CHARRO BAKERY II CORP., and ANTONIO AQUINO VASQUEZ (collectively "Defendants") alleges as follows:

### **NATURE OF THE ACTION**

1.      The Defendants own and operate a bakery. The Plaintiff and similarly situated employees performed non-exempt work for the Defendants.  The Plaintiff and similarly situated employees regularly worked more than 40 hours in a work week but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), on behalf of herself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b). Plaintiff also brings this action to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

**PARTIES**

6.      Defendant, EL CHARRO BAKERY 1 CORP., was and still is a business that owns and operates a bakery located at 1427 Myrtle Avenue, Brooklyn, New York 11237.

7.      Defendant, EL CHARRO BAKERY II CORP., was and still is a business that owns and operates a bakery located at 1427 Myrtle Avenue, Brooklyn, New York 11237.

8.      At all times relevant, Defendants are an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9.      At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10.     Defendants' business requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

2

11.     Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

12.     Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

13.     At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

14.     Plaintiff's duties included preparing and cooking food.  In performing her duties, Plaintiff handled or worked with goods, such as grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

15.     Defendant, ANTONIO AQUINO VASQUEZ, is an owner and/or officer of the corporate defendants, has authority to make payroll and personnel decisions for the corporate defendants, and is active in the day-to-day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

**STATEMENT OF FACTS**

16.     Plaintiff was employed by Defendants from in or about November 2018 to in or about January 2025.  Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises.

17.     Throughout her employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.  Plaintiff regularly worked 6 days per workweek.  Plaintiff worked

3

Monday from 8 a.m. to 9 p.m. on Tuesday and from 11:00 a.m. to 9:00 p.m. Wednesday through Sunday each week.

18.     Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of 40 hours per week.  Instead, Defendants paid Plaintiff at her regular rate of pay for all hours worked including those hours that she worked in excess of 40 hours each week.

19.     Defendants failed to pay Plaintiff an additional hour's pay for each workday that was longer than 10 hours from its start to its finish, including breaks.

20.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

21.     Defendants failed to provide Plaintiff upon hire written notice in his native language of his rate of pay and other information required by Section 195(1) of the New York State Labor Law.

22.     Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law § 195(3).

23.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4  and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 § 142.

24.     Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

4

25.     Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent she had been underpaid and seeking payment for the precise amount of her unpaid wages.

26.     As a result, Plaintiff was deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier.  Plaintiff was unable to determine how much she had been underpaid throughout her employment.  Plaintiff would have asserted her claim sooner if accurate statements had been provided.

27.     Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments she seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times her regular rate for hours that she worked after 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

28.     At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

29.     Plaintiff also brings FLSA claims on behalf of herself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, working the counter, bussing tables

and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

30.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

31.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

32.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

33.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34      Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked

in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

35.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

36.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

37.    Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: OVERTIME WAGES**

38.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39.    Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

40.    By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

41.    Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE NOTICE**

42.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

43.    Defendants failed to provide Plaintiff upon her hire with written notice of her regular rate of pay and other information required by New York Labor Law § 195(1) and are liable to Plaintiff for statutory damages pursuant to Labor Law 198.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE STATEMENTS**

44.    Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

45.    Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

46.    Defendants are liable to Plaintiff for statutory damages in the amount of $5,000.00.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

8

(ii)    Certification of this case as a collective action under 29 U.S.C. § 216(b);

(iii)    Unpaid overtime wages, spread-of-hours pay, and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

(iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
         August 10, 2026

ROMERO LAW GROUP PLLC

*/s/ Peter A. Romero*

By:    _____

Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

9